IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACK GUARNERI,<br><br>            Plaintiff,<br><br>     v.<br><br>BUCKEYE PIPE LINE SERVICES CO., et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-1131 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

     Plaintiff Jack Guarneri brings this action against his former employer, his former supervisor, a human resources representative, and other unnamed defendants, for his termination which he claims violated the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq. Plaintiff alleges that, after taking an approved leave of absence due to "various illnesses" from his employer, Defendant Buckeye Pipe Line Services Co. ("Buckeye"), he was terminated because of his disability or a perceived disability in violation of state law.

     Before the Court is Defendant Joan Gower's unopposed motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Docket Item 10.] Defendant Gower argues that the only claim against her -- "aiding and abetting" the employer's violation of the LAD ("Fourth Count") -- must be dismissed

because (1) only supervisors are liable for aiding and abetting under the LAD, and Plaintiff does not plead that Gower was her supervisor, and (2) even if Gower were a supervisor, Plaintiff has not alleged sufficient facts to support an inference that Gower "knew that the conduct at issue constituted a breach of a duty" or that she "gave substantial assistance or encouragement in furtherance" of a LAD violation. (Def. Mot. at 4-6.)

For the reasons stated below, the Court will grant the motion to dismiss without prejudice and permit Plaintiff to file an amended complaint curing the deficiencies noted herein.

1. The Court accepts all factual allegations in the Complaint as true for purposes of this motion. Plaintiff began working at Buckeye in April 2008 and took an extended leave of absence under the Family Medical Leave Act in May 2011. (Compl. ¶¶ 20, 26.) During his absence, he communicated with Defendant Greg Engelbart, his "supervisor and direct report" at Buckeye, and Defendant Gower, who held "a Human Resources position" with Buckeye. (Compl. ¶¶ 16, 18, 27, 31.) On January 23, 2012, expecting to return to work, Plaintiff arranged to meet with Gower and Engelbart "to discuss the logistics of returning plaintiff's company car to him." (Compl. ¶¶ 34, 39, 40.) Plaintiff had called his customers to notify them of his imminent return. (Compl. ¶ 39.) Instead, at the meeting

Plaintiff learned that he was terminated. (Compl. ¶ 40.)

Plaintiff asserts that

> Engelbart and Gower knew plaintiff was going to call every one of his customers and inform them of his return, allowed him to do so, and then let him suffer the humiliation of knowing that other Buckeye employees would essentially be informing those same customers that plaintiff was a liar, a fool, or both.

(Compl. ¶ 42.) Engelbart and Gower allegedly told Plaintiff that the reason for his termination was his "performance." (Compl. ¶ 44.)

    2.   Plaintiff filed suit in Superior Court of New Jersey, Burlington County Law Division, and Defendants removed the action to this Court. [Docket Item 1.] The Court has jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity among the parties and the amount in controversy exceeds $75,000.

    3.   The sole count against Defendant Gower, which is labeled "NJLAD Disability Discrimination Aiding and Abetting," incorporates the factual allegations in the Complaint and then states (in its entirety): "The foregoing actions of Engelbart and Gower aided and abetted Buckeye in its violations of the New Jersey Law Against Discrimination." (Compl. ¶¶ 58-59.) Plaintiff requests compensatory and punitive damages, equitable relief, interest, and attorneys' fees and costs.

4. Defendant Gower's motion to dismiss is unopposed. To survive a motion to dismiss, a "complaint must contain sufficient factual matter, which if accepted as true, states a facially plausible claim for relief." Caprio v. Healthcare Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013) (citing Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009). The court must construe the complaint in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

5. The LAD generally prohibits employment discrimination on the basis of race, creed, color, national original, age, or disability, among other characteristics. N.J.S.A. 10:5-12(a). Disability is broadly defined. N.J.S.A. 10:5-5(q). The statute also provides: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination . . . [f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so." N.J.S.A. 10:5-12(e). In order for an individual employee to be liable as an aider and abettor under the LAD,

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.

Cicchetti v. Morris Cnty. Sheriff's Office, 194 N.J. 563, 594 (2008) (internal quotation marks omitted). Employees are "not liable as aider and abettor merely because they had some role, or knowledge or involvement," in the discriminatory termination. Failla v. City of Passaic, 146 F.3d 149, 159 (3d Cir. 1998).

6. Defendant Gower argues that the claim against her should be dismissed because "'only employees who have been delegated some degree of supervisory authority can be held personally liable under the NJLAD as 'aiders and abettors.''" (Def. Mot. at 5, quoting Cortes v. Univ. of Med. & Dentistry of N.J., 391 F. Supp. 2d 298, 314 (D.N.J. 2005).) Gower observes that "[u]nlike Guarneri's allegations as to Engelbart, Guarneri never alleges that Gower was his supervisor, not does he allege that she had any authority whatsoever over the performance of his job duties." (Def. Mot. at 6.) The Court agrees. See Herman v. Coastal Corp., 348 N.J. Super. 1, 27 (App. Div. 2002) (stating that under the LAD, an "individual to be liable would have to hold a position of supervisor"); Cicchetti, 194 N.J. at 594 (citing Herman for the proposition that "individual liability is limited to aiding and abetting by the supervisor");

5

Hurley v. Atl. City Police Dep't, 174 F.3d 95, 129, 129 n.32 (3d Cir. 1999) (predicting that the New Jersey Supreme Court would hold that a nonsupervisory employee cannot be held liable as an aider or abettor), abrogated on other grounds by Potente v. Cnty. of Hudson, 187 N.J. 103, 114 (2006); Ivan v. Cnty. of Middlesex, 595 F. Supp. 2d 425, 462 (D.N.J. 2009) ("The LAD does not impose individual liability upon non-supervisory employees."). As pleaded, the Complaint does not state a claim against Gower, because Plaintiff does not assert that Gower was Plaintiff's supervisor. Therefore, the motion to dismiss will be granted without prejudice.

7. As an alternative ground for dismissal, Defendant Gower argues that the Complaint lacks sufficient factual detail to create a reasonable inference that "Gower knew that Guarneri's termination was unlawful and that she gave substantial assistance and encouragement in furtherance thereof." (Def. Mot. at 6, referencing Failla, 146 F.3d at 158-59.) Again, the Court agrees. The Complaint alleges the following facts: (1) Gower held "a Human Resources position with Buckeye," (2) Plaintiff e-mailed and telephoned Gower prior to his anticipated return, (3) he expected Gower to pick him up on the day of the meeting, (4) Gower and Engelbart informed Plaintiff that he was terminated, (5) Gower knew that Plaintiff was going to call his customers to notify them of his return,

and (6) Gower and Engelbart told Plaintiff that the reason for his termination was "performance." (Compl ¶¶ 18, 31, 33, 37, 42, 44.) These facts do not support a reasonable inference that Gower was aware of her role in an illegal termination or that Gower knowingly and substantially assisted the LAD violation. See Cicchetti, 194 N.J. at 594. Therefore, the Court will grant Plaintiff's motion to dismiss without prejudice.

8.   Dismissal will be without prejudice, and the Court will grant Plaintiff fourteen (14) days from today's date to file an Amended Complaint curing the pleading deficiencies noted herein. If no Amended Complaint is filed within 14 days, the dismissal as to Defendant Gower will be with prejudice. An accompanying Order will be entered.


**May 5, 2014**                               **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge